IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH WILLIAM RAY, II,**

      Plaintiff,

v.                                                                            Civil Action No. 2:10cv9
                                                                           (Judge Maxwell)

**JOE DRIVER, HAROLD BOYLES
AND MICHELLE T. FUSEYAMORE,**

      Defendants.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On January 25, 2010, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. (Doc. 1). The plaintiff was granted permission to proceed as a pauper on February 16, 2010. (Doc. 9). No partial filing fee was required.

Accordingly, on March 3, 2010, the undersigned conducted a preliminary review of the complaint, determined that summary judgment was not appropriate at that time, and directed the defendants to file an answer. (Doc. 10). On May 24, 2010, the defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 22), with an accompanying memorandum in support (doc. 23). Because the plaintiff is proceeding without counsel, the undersigned issued a Roseboro Notice on June 1, 2010, advising the plaintiff of his right to file a

response. (Doc. 34). The plaintiff filed his response on July 21, 2010, by filing a cross-motion for summary judgment. (Doc. 28).

This case is before the undersigned for a report and recommendation on the parties pending motions.

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff, a federal inmate, first asserts that on August 18, 2006, while an inmate at USP-Hazelton, he fell on the baseball field during a softball game and injured his right shoulder. (Doc. 1 at 3). Specifically, the plaintiff asserts that he tripped over a hole as he was running between second and third base. *Id.* The plaintiff contends that had the field been properly graded prior to the game, the accident would not have happened. *Id.* Thus, he seeks $150,000 in damages under the FTCA. *Id.* at 6.

Next, the plaintiff asserts that after his injury, he did not receive proper medical attention. *Id.* at 4. For example, the plaintiff asserts that despite his constant complaints, he did not receive anything to help relieve his pain. *Id.* In addition, he asserts that he did not receive an x-ray on his shoulder until September 26, 2006, more than a month after his injury occurred. *Id.* Although the x-ray revealed a broken collarbone, the plaintiff asserts that it was another 11 months before he received surgery to repair his shoulder. *Id.* He asserts that he continues to suffer from pain in his right shoulder, numbness in his right arm and lack of strength and mobility in his right arm, all as a result of his shoulder injury and the subsequent lack of proper medical treatment. *Id.* The plaintiff seeks two million dollars in damages for the alleged violation of his constitutional rights. *Id.* at 6.

Last, the plaintiff asserts that the Bureau of Prisons ("BOP") failed to conduct a proper

investigation into his administrative tort claim. *Id.* at 5. In support of this claim, the plaintiff notes that the response to his administrative tort claim states that his injury occurred in April rather than August. *Id.* The plaintiff asserts that because the BOP failed to conduct a proper investigation,[1] he should be entitled to the $150,000 he requested in that claim. *Id.*

**B.   The Defendant's Motion**

In their motion, the defendants seek the dismissal of the plaintiff's complaint, or judgment as a matter of law, for the following reasons:

1.  defendant Boyles, an employee of the Public Health Service, is immune from personal liability;

2.  in the absence of personal liability, the defendants may not be held liable for damages on a theory of *respondeat superior*;

3.  the plaintiff failed to exhaust administrative remedies as to his Bivens claim;

4.  the plaintiff's Bivens claim is barred by the applicable statute of limitations;

5.  the plaintiff's tort claim is barred by the applicable statute of limitations; and

6.  the defendants are entitled to qualified immunity.

**C.   The Plaintiff's Summary Judgment Motion**

The plaintiff's summary judgment motion is merely a reiteration of the claims raised in the complaint. The plaintiff provides no new information as to any of his claims, nor does he provide the court with any affidavits or other documents in support of his case.

---

[1] Other than the incorrect date in the denial of his tort claim, the plaintiff provides no other support for his assertion that the BOP did not properly investigate his administrative tort claim. Moreover, it appears that the incorrect date in the denial letter was merely a clerical error. Consequently, this claim is not sufficiently plead under Rule 8 of the Federal Rules of Civil Procedure and will not be addressed further herein.

3

### III. Standard of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but "must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass

v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving

party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. The Plaintiff's Tort Claim**

It is well-established that the United States is immune from suit unless it consents to be sued. See United States v. Testan, 424 U.S. 392 (1976). However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Nonetheless, the FCTA only waives the government's sovereign immunity if certain terms and conditions are met. Honda v. Clark, 386 U.S. 484 (1967). One of those conditions is that an FTCA action be filed within two years of the incident or within six months of the final claim denial. 28 U.S.C. § 2401(b). This time limitation is jurisdictional and not waivable. Kielwien v. United States, 540 F.2d 676, 679 (4th Cir.) cert. denied, 429 U.S. 979 (1976).

Here, the plaintiff presented his claim to the appropriate agency within two years from the date of the event. (Doc. 23, Ex. 1 at Att. C). His administrative tort claim was denied on April 26,

2008. *Id.* at Att. D. The plaintiff initiated this case on January 25, 2010. (Doc. 1). This case was therefore filed nearly two years after the denial of the plaintiff's administrative tort claim, clearly beyond the six-month statute of limitation. Consequently, the plaintiff's tort claim is barred by the applicable statute of limitations and should be dismissed.[2]

B.  **The Plaintiff's Bivens Claims**

   1.  **Defendant Boyles**

Constitutional claims against federal employees in their individual capacities are subject to the limitations of judicial authority. In Carlson v. Green, 446 U.S. 14 (1980), the Supreme Court found two instances in which a Bivens action cannot be maintained. First, when there are "special factors counseling hesitation in the absence of affirmative action by Congress." Carlson at 18. Second, when "Congress has provided an alternative remedy which is *explicitly* declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Id.* at 18-19 (emphasis in original).

With regard to Public Health Officers, Congress has explicitly stated that the exclusive remedy for personal injury resulting from the medical decision of a commissioned officer of the Public Health Service while acting within the scope of his employment is against the United States under the FTCA. See 42 U.S.C. §233(a) ("The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where

---

[2]Title 28 U.S.C. § 2401(b) specifically states that: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

7

the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental or related function . . . by any commissioned officer of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim."). Therefore, claims against Public Health Officers cannot be maintained under Bivens.

In light of defendant Boyles employment with the Public Health Service (doc. 23, Ex. 2), he is immune from liability in this suit and should be dismissed as a defendant in this action.

**2. Defendants Driver and Fuseyamore**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth

---

[3] Porter at 524.

at 741 n. 6.

The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at USP-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 93-94 (2006) (the PLRA requires *full* and *proper* exhaustion).

Here, the record shows that the plaintiff filed an administrative remedy on October 2, 2007, with regard to the medical treatment he received for his shoulder injury. (Doc. 23, Ex. 1 at ¶ 8). Because the remedy was filed more than 20 days after the event, it was rejected as untimely. *Id.*; see also 28 C.F.R. § 542.14(a). The plaintiff filed an appeal to the regional office on December 5, 2007. *Id.* That appeal was denied. *Id.* The plaintiff did not file an appeal with the Central Office. *Id.* Accordingly, it is clear that the plaintiff failed to properly exhaust his Bivens claims and he cannot now do so under the BOP's administrative remedy procedures.[4] See 28 C.F.R. § 542.10, et seq. Thus, the plaintiff's Bivens claims should be dismissed with prejudice.

---

[4]Because the plaintiff's Bivens claims are not exhausted, the undersigned has not addressed the defendants other arguments. However, the undersigned also notes that the defendants are correct in their argument that in the absence of personal liability, the defendants may not be held liable for damages under a theory of *respondeat superior*.

## V. Recommendation

For the reasons stated, the undersigned recommends that the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. 22) be **GRANTED**, the plaintiff's Motion for Summary Judgment (doc. 28) be **DENIED**, and the plaintiff's complaint (doc. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Repot and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 2, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE