IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KENNETH WILLIAM RAY, II,**

      Plaintiff,

v.                                                                                              **CIVIL ACTION NO. 2:10CV09**

**JOE DRIVER, HAROLD BOYLES
AND MICHELLE T. FUSEYAMORE,**

      Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

I.      Introduction

On this day, the above-styled matter came before this Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull [Doc. 29]. By Local Rule, this action was referred to Magistrate Judge Kaull for submission of a report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on August 2, 2010 [Doc. 29]. In that filing, the magistrate judge recommended that this Court grant the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 22] and to dismiss the plaintiff's ***Bivens*** action with prejudice.

II.      Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The plaintiff filed an "Alternate / Motion for Summary Judgment" [Doc. 30] exactly two weeks later on August 16, 2010, which this Court will construe as Objections to the extent any such portions contest the magistrate judge's recommendations.  To that end, such portions will be reviewed *de novo*.  This Court will review the remaining portions to which no objections have been filed for clear error.

III.    Factual and Procedural History

On January 25, 2010, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (Doc. 1).  Subsequently, the parties filed cross-motions for summary judgment.  See Docs. 22 & 28.

The plaintiff's Complaint asserts that on August 18, 2006, while an inmate at USP-Hazelton, he fell on the prison's baseball field during a softball game and injured his right shoulder. (Doc. 1 at 3).  Specifically, the plaintiff asserts that he tripped over a hole as he was running between second and third base.  Id.  The plaintiff contends that had the field been properly graded prior to the game, the accident would not have happened.  Id.  Thus,

2

he seeks $150,000 in damages under the FTCA. Id. at 6.

Next, the plaintiff asserts that after his injury, he did not receive proper medical attention. Id. at 4. He asserts that despite his constant complaints, he did not receive anything to help relieve his pain and that he did not receive an x-ray on his shoulder until September 26, 2006, more than a month after his injury occurred. Id. Although the x-ray revealed a broken collarbone, the plaintiff asserts that it was another eleven (11) months before he received surgery to repair his shoulder. Id. He asserts that he continues to suffer from pain in his right shoulder, numbness in his right arm, and lack of strength and mobility in his right arm as a result of his shoulder injury and the subsequent lack of proper medical treatment. Id. The plaintiff seeks two million dollars in damages for the alleged violation of his constitutional rights related thereto. Id. at 6.

Last, the plaintiff asserts that the Bureau of Prisons ("BOP") failed to conduct a proper investigation into his administrative tort claim. Id. at 5. In support of this claim, the plaintiff notes that the response to his administrative tort claim states that his injury occurred in April rather than August. Id. The plaintiff asserts that because the BOP failed to conduct a proper investigation, he should be entitled to $150,000 in damages.

IV.  Analysis

In his Objections [Doc. 30], the plaintiff simply recasts the allegations contained in his Complaint. As noted by the magistrate judge, this is the same pattern the plaintiff followed in drafting his original motion for summary judgment. Without reciting all relevant case law, which was adequately stated in the R & R with regards to the plaintiff's claims, this Court will briefly address why the plaintiff's claims must be denied.

### A. Failure to Exhaust PLRA Remedies

The plaintiff's first objection again resists well-settled case law requiring him to exhaust administrative remedies. Specifically, he states:

> I feel it was not necessary to file administrative remedies . . . . Administrative remedies could not help me with my injurys (sic). There should not be a problem seeking a law suit without administrative remedies I choose to sue. I have that right. On the outside world you have to (sic) right to sue.

Obviously, despite the plaintiff's personal opinions as to what the law should be, under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). A **Bivens** action is included in such, and is thus subject to the same requirements. See **Porter v. Nussle**, 534 U.S. 516, 524 (2002).

The three-level administrative remedy process for informal resolution procedures which fail to achieve sufficient results through informal avenues is set forth in 28 C.F.R. § 542.10, *et seq*. This process begins with a Request for Administrative Remedy at the institution in which the inmate is incarcerated. Second, if the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. Finally, if the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level

4

of the process in order to properly exhaust his administrative remedies.  *See* ***Woodford v. Ngo***, 548 U.S. 81, 93-94 (2006) (the PLRA requires full and proper exhaustion).

Here, the record shows that the plaintiff did file an administrative remedy on October 2, 2007, with regard to the medical treatment he received for his shoulder injury.  See Doc. 23, Ex. 1 at ¶ 8.  Because the remedy was filed more than 20 days after the event, it was rejected as untimely.  Id.; see also 28 C.F.R. § 542.14(a).  The plaintiff then filed an appeal to the regional office on December 5, 2007.  Id.  That appeal was also denied.  Id.  The plaintiff did not, however, pursue an appeal with the Central Office.  Id.  Accordingly, because he failed to exhaust the third and final step, it is clear that the plaintiff failed to properly exhaust his ***Bivens*** claims; accordingly, he cannot now do so under the BOP's administrative remedy procedures.  See 28 C.F.R. § 542.10, *et seq.*  Accordingly, because the plaintiff did not fully comply with the PLRA's exhaustion requirements, his ***Bivens*** claims must be dismissed with prejudice.  *See* ***Woodford***, 548 U.S. at 93-94.

### B. FTCA Statute of Limitations

The plaintiff's second objection to the R & R addresses the magistrate judge's recommendation that his Federal Tort Claims Act ("FTCA") claim be dismissed as barred by the applicable statute of limitations.  The plaintiff asserts this claim was timely filed.  Specifically, the plaintiff argues that he filed his FTCA suit on January 25, 2010, and that his tort claim was previously denied August 26, 2008; therefore, he argues the claim is within the two-year limitations period.  While the plaintiff has presented an accurate statement of fact, his understanding of the applicable statute of limitations is misplaced.

An FTCA action must be filed within two years of the incident or **within six months of the final claim denial**. 28 U.S.C. § 2401(b). This time limitation is jurisdictional and not waivable. ***Kielwien v. United States***, 540 F.2d 676, 679 (4th Cir.) *cert. denied*, 429 U.S. 979 (1976).

Here, the plaintiff presented his claim to the appropriate agency within two years from the date of the event. Doc. 23, Ex. 1 at Att. C. As the plaintiff correctly asserts in his objections, his administrative tort claim was denied on April 26, 2008. Id. at Att. D. The plaintiff initiated this case on January 25, 2010. See Doc. 1. This case was therefore filed nearly two years after the denial of the plaintiff's administrative tort claim, clearly beyond the *six-month* statute of limitations. Consequently, the plaintiff's tort claim is barred by the applicable statute of limitations and must be dismissed.

V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Opinion/Report and Recommendation **[Doc. 29]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **GRANTS** the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 22]** and **DENIES** the plaintiff's Motion for Summary Judgment **[Doc. 28]**. Additionally, the plaintiff's Alternate / Motion for Summary Judgment **[Doc. 30]**, which this Court construes as the plaintiff's Objection to the magistrate judge's R & R, is **OVERRULED**. Accordingly, the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk of Court is **DIRECTED** to enter a separate

6

judgment order for the defendants.

As a final matter, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, this Court declines to issue a certificate of appealability, as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. (citing **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** November 17, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE