**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KENNETH WILLIAM RAY, II,**

   **Petitioner,**

**v.**             **Civil Action No.   2:10cv9**
                   **(Judge Bailey)**

**JOE DRIVER, et al.,**

   **Respondent.**

## REPORT AND RECOMMENDATION

   This case came before the undersigned for an evidentiary hearing on October 13, 2011. Appearing by telephone were the plaintiff, *pro se*, from his place of incarceration at USP Tucson, Alan McGonigal on behalf of the defendants, and J. Blalock, the pro se law clerk assigned to this matter.

## I.  Procedural History

   The plaintiff initiated this case on January 25, 2010, by filing a civil rights complaint against the defendants pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, <u>et seq</u>.  The substance of the plaintiff's complaint was that while he was incarcerated at USP Hazelton, he fell on the baseball field during a softball game and injured his right shoulder.  Following a preliminary review of the complaint, the defendants were directed to filed an answer. (Doc. 10).  On May 24, 2010, the defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. 22).  A <u>Roseboro</u> Notice was issued on June 1, 2010 (Doc. 34), and the plaintiff filed his response on July 21, 2010, by filing a cross-motion for summary judgment. (Doc. 28), On August 2, 2010, the undersigned issued a Report and Recommendation which recommended that the

defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment be granted, and the plaintiff's complaint dismissed with prejudice. (Doc. 29). On August 16, 2010, the plaintiff filed a Motion for Summary Judgment ( Doc. 30). On November 17, 2010, the Honorable John Preston Bailey, United States District Judge, entered an Order construing the plaintiff's Motion for Summary Judgment as objections, adopted the Report and Recommendation, granted the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, denied the plaintiff's Alternative Motion for Summary Judgment, and dismissed the complaint with prejudice. (Doc. 32). Judgment was entered on November 17, 2010. (Doc. 33).

On February 3, 2011, the plaintiff filed a Notice of Appeal. On June 1, 2011, the United States Court of Appeals for the Fourth Circuit entered a per curiam opinion remanding the case for the limited purpose of allowing the district court to obtain information from the parties as to when the plaintiff gave his notice of appeal to prison officials for mailing and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and Houston v.Lack, 487 U.S. 266 (1988). (Doc. 42).

On June 3, 2011, the defendants filed a response to the per curiam opinion which included a Declaration by David Wilson and an Inmate History as attachments.(Doc. 44). On June 27, 2011, Judge Bailey re-referred this case to the undersigned to take such action as was appropriate under the Fourth Circuit remand. (Doc. 46). On July 11, 2011, the plaintiff filed a Motion to Appoint Counsel (Doc. 48) which was denied on July 12, 2011. (Doc. 49). On July 12, 2011, an Order was entered notifying the plaintiff of his right to reply to the defendants' Memorandum in Response to the Appellate Court's Request for Additional Information. (Doc. 50). The plaintiff filed a response on August 2, 2011. (Doc. 52). On September 12, 2011, an Order was entered setting the matter for a telephonic evidentiary hearing on October 3, 2011, at 3:00 p.m. (Doc. 53).

## II. Evidentiary Hearing

The following is a summary of the testimony provided to the Court by the plaintiff on October 3, 2011:

1. He was transferred from FCI Petersburg to USP Atlanta on November 8, 2010.

2. When he received Judge Bailey's dismissal order, he was at USP Atlanta. Other than the Order from Judge Bailey, he had no other items of his legal paperwork while at USP Atlanta.

3. He did not work on his appeal while he was at USP Atlanta.

4. He was transferred from USP Atlanta to USP Coleman II on December 16, 2010.

5. Sometime after Christmas of 2010, he secured the assistance of another inmate in preparing his appeal. While he could not remember the inmate's full name, his first name was Allen.

6. The only legal paperwork which he was able to give Allen was Judge Bailey's dismissal order.

7. Allen prepared the notice of appeal and envelope for him to mail it.

8. As directed by Allen, he signed the notice, made a copy, placed it in the envelope, put a stamp on it and placed it in the mail box on his unit at USP Coleman II.

9. He did not hand the envelope to any prison official for mailing, but rather, inserted it directly into the mail box on his unit.

10. To the best of his recollection, he placed the appeal in the mail box at the end of January 2011, or early February 2011.

11. Allen told him that the appeal was late, but Allen expressed hope that the Fourth Circuit would accept it nonetheless.

12. Although the Certificate of Service indicates that he mailed the appeal on December 9,

2010, he testified that is an error.

13. His usual practice is to handwrite the date he mails envelopes to the court under his return address. If the date is not on the envelope in which he sent the appeal, he forgot to do so.

14. If the envelope is stamped by the post office on January 31, 2011, then he placed the envelope in the mail box at USP Coleman II on or about the 31st day of January 2011.

14. He received his personal items, including legal documents at USP Coleman II at the end of February 2011.

15. He was transferred from USP Coleman II to USP Tucson, through Mississippi and Oklahoma.

16. He arrived at USP Tucson approximately two months ago.

17. He received his personal items at USP Tucson the day before this evidentiary hearing.

### III. Analysis

Pursuant to Rule 4(a)(1)(B), of the Rules of Appellate Procedure, "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from his entered. Because the judgment order was entered in this case on November 17, 2010, the plaintiff had until January 17, 2011, to file a timely notice of appeal. The notice is postmarked January 31, 2011, and was received by the Clerk of Court on February 3, 2011. Therefore the notice is untimely on its face. However, pursuant to the decision in Houston v. Lack, 487 U.S. 266 (1988), a *pro se* prisoner's notice of appeal is "filed" at the time it is delivered to prison officials authorities for forwarding to the court clerk.

In this case, the plaintiff's testimony was wholly credible and forthright. He clearly acknowledged that the certificate of service, indicating that he mailed the notice of appeal on

December 9, 2011, was in error. In addition, the plaintiff acknowledged that he did not begin working on his notice of appeal until sometime after Christmas 2010, with the help of a fellow inmate at USP Coleman. Although he failed to follow his usual practice and date the envelope when he dropped it in the mailbox on his unit at FCI Coleman, he consistently admitted that he did not do so until late January or early February 2011. Finally, when advised that the envelope was postmarked January 31, 2011, the plaintiff acknowledged that he would have placed the notice of appeal in the mailbox on his unit on or about that same date.

Therefore, under <u>Houston</u>, the plaintiff's notice of appeal should be deemed filed when he placed it in the mailbox on his unit. It is apparent from the plaintiff's testimony that this happened on or about January 31, 2011, and after the January 17, 2011 deadline. Accordingly, the plaintiff's notice of appeal is untimely.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the plaintiff's notice of appeal be considered filed after January 17, 2011, and deemed untimely.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u>

467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, addressed to Kenneth W. Ray, 17571-045, USP Tucson, U.S. Penitentiary, Federal Satellite Low, P.O. Box 24549, Tucson, AZ 85734. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

Dated: October 19, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE