IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KENNETH WILLIAM RAY, II,**

        Plaintiff,

v.                                                  Civil Action No. 2:10-CV-09
                                                    (BAILEY)

**JOE DRIVER, et al.**

        Defendants.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull.  By Order dated June 27, 2011 [Doc. 46], this action was re-referred to Magistrate Judge Kaull to take such action as was appropriate under the Fourth Circuit's remand to determine whether the plaintiff's notice of appeal had been timely filed on or before January 17, 2011.  On October 19, 2011, Magistrate Judge Kaull filed a Report and Recommendation ("R&R") [Doc. 56], which recommends that this Court consider the plaintiff's notice of appeal filed after January 17, 2011, and thus untimely.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that the plaintiff accepted service on October 25, 2011 [Doc. 58]. The plaintiff timely filed his Objections on November 14, 2011 [Doc. 63]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.     Background

On January 25, 2010, the plaintiff filed a Complaint pursuant to ***Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq* [Doc. 1]. On August 2, 2010, Magistrate Judge Kaull recommended granting summary judgment in favor of the defendants, finding that the plaintiff's FTCA claims were time-barred and that he had otherwise failed to exhaust his administrative remedies [Doc. 29]. On November 17, 2010, this Court adopted the recommendation, dismissing the Complaint and declining to issue a certificate of appealability [Doc. 32]. On February 3, 2011, the plaintiff filed a Notice of Appeal, though the appeal period expired on January 17, 2011 [Doc. 37].

On June 1, 2011, the Fourth Circuit noted that although the district court received

the Notice of Appeal after expiration of the appeal period, an inmate's "notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court." ([Doc. 43] at 2) (citing Fed. R. App. P. 4(c)(1) and **Houston v. Lack**, 487 U.S. 266 (1988)). Finding the record unclear as to that information, the Fourth Circuit "remand[ed] this case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and **Houston v. Lack**." (Id.).

On June 3, 2011, the defendants filed a Response, arguing that the plaintiff's appeal was untimely noted [Doc. 44]. First, the defendants argue that the plaintiff's credibility is questionable because the certificate of service for the Notice of Appeal is dated December 9, 2010, though the plaintiff did not arrive at USP Coleman, the institution from where the Notice of Appeal was sent, until December 16, 2010. (Id. at 3-4). Second, the postmark on the envelope in which the Notice of Appeal was mailed indicates that it was processed by the local post office on January 31, 2011. (Id. at 4).

Upon reviewing the Government's response of June 3, 2011, this Court re-referred the matter to Magistrate Judge Kaull on June 27, 2011, to take such action as necessary to fully comply with the Fourth Circuit's remand [Doc. 46]. Upon receiving the re-referral, Magistrate Judge Kaull ordered the plaintiff to file a response by August 12, 2011 [Doc. 50]. The plaintiff complied, filing his response on August 2, 2011 [Doc. 52]. Thereupon, Magistrate Judge Kaull ordered that a telephonic evidentiary hearing be held on October 13, 2011, to determine the timeliness of the plaintiff's Notice of Appeal [Doc. 53].

At the hearing, the plaintiff testified to the following: (1) the certificate of service,

indicating that he mailed the Notice of Appeal on December 9, 2010, was in error; (2) the plaintiff did not begin working on his Notice of Appeal until sometime after Christmas 2010, with the help of a fellow inmate at USP Coleman; (3) the plaintiff deposited the Notice of Appeal in the mailbox of his unit at FCI Coleman in late January or early February; and (4) the plaintiff acknowledge that based upon the January 31, 2011, postmark that he would have placed the Notice of Appeal in the mailbox of his unit on or about that same date. ([Doc. 56] at 3-4).  Following the hearing, Magistrate Judge Kaull issued the instant R&R on October 19, 2011, recommending that this Court consider the plaintiff's notice of appeal filed after January 17, 2011, and deemed untimely [Doc. 56].

### III.    Discussion

In his Objections, timely filed on November 14, 2011, the plaintiff asks this Court not to dismiss his case "based on a date." ([Doc. 63] at 1).  The plaintiff does not object to magistrate judge's factual finding that he delivered his Notice of Appeal to prison officials for mailing to the Court after January 17, 2011.  The plaintiff also does not object to the magistrate's legal conclusion that his Notice of Appeal was filed out of time because he delivered it for mailing after January 17, 2011, the date that the 60-day period provided in Rule 4(c)(1) of the Federal Rules of Appellate Procedure expired.  As such, this Court agrees with the magistrate judge's recommendation and finds that the plaintiff's notice of appeal was filed after January 17, 2011, and thus is untimely pursuant to Rule 4(c)(1) and ***Houston v. Lack***, 487 U.S. 266 (1988).

Nevertheless, the plaintiff appears to argue that this Court should excuse his untimely filing by asking this Court not to dismiss his case "based on a date." However, the

Fourth Circuit clearly indicated that it only "remand[ed] this case for the limited purpose of allowing the district court . . . to determine whether the filing was timely under Fed. R. App. P. 4(c)(1) and *Houston v. Lack*." ([Doc. 43] at 2). That this Court has already done above. Thus, any consideration of the plaintiff's argument for excusing his untimeliness is outside the scope of the Fourth Circuit's remand and will accordingly not be undertaken. Accordingly, the plaintiff's Objections are **OVERRULED**.

### IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 56]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Docs. 63]** are **OVERRULED**. Accordingly, this Court finds that the plaintiff's Notice of Appeal **[Doc. 37]** was filed <u>after</u> January 17, 2011, and thus is <u>untimely</u> pursuant to Rule 4(c)(1) of the Federal Rules of Appellate Procedure and *Houston v. Lack*, 487 U.S. 266 (1988).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and the United States Court of Appeals for the Fourth Circuit and to mail a copy to the *pro se* plaintiff.

**DATED**: November 17, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE